CHARLES F. HUBBS & CO., Plaintiff, *v.* OSCAR L. RICHARD and Others, Defendants.

Supreme Court, New York Special Term, October, 1922. ·

Practice — judgment on pleadings — motion may be made at any time — action on contract — defective complaint.

A motion for judgment on the pleadings being provided for in the Civil Practice Act, the intentional omission to specify therein when such general motion could be made indicates that it may be made at any time.

In a complaint containing three alleged causes of action all similar and alike except as to figures, a purported acceptance by plaintiff of an order given by defendants alleged to constitute the contract between the parties was not in every respect responsive to said order but attached different terms thereto. *Held*, that this did not constitute an acceptance of the order; that it was incumbent upon plaintiff to produce proof that his counter offer had been accepted.

That as the complaint did not attempt to set forth anything of the kind, an objection to the complaint for insufficiency, upon defendants' motion for judgment on the pleadings after issue joined, was well taken.

An objection by plaintiff to the motion upon the ground that it was not made within twenty days after service of the complaint and before answering, overruled.

As the plaintiff may have further facts to show a contract between the parties that it has omitted to plead in the belief that they were unnecessary, defendants' motion for judgment on the pleadings will be granted upon condition that plaintiff may serve an amended complaint.

MOTION for judgment on the pleadings.

*Davis, Wagner, Heater & Holton (Charles R. Coulter,* of counsel), for plaintiff.

*Louis A. Jaffer (Joseph G. Cohen,* of counsel), for defendants.

TIERNEY, J. This is a motion by the defendants for judgment upon the pleadings after issue joined. The plaintiff raises the objection that the motion should have been made within twenty days after service of the complaint and before answering.

Under the Code of Civil Procedure a defendant who thought

that the complaint did not state a cause of action might answer and thereafter at any time before or at the trial move for judgment upon the pleadings and so present the question of the sufficiency of the complaint.

If there was any object in avoiding the necessity of preparing the answer the defendant could interpose a demurrer but this had to be done within twenty days after service of the complaint and before answering. The same question as to the sufficiency of the complaint was presented by the motion for judgment as by the demurrer but if the defendant sought the advantage of not having to answer he had to move promptly by serving a demurrer. If the objection of insufficiency went to only one or more of several causes of action but not to all the defendant had to demur thereto to raise the question as the motion for judgment upon the pleadings could be entertained only where the moving party was entitled to judgment on all the issues. A plaintiff could challenge the sufficiency of a defense by demurring thereto or by moving for judgment on the pleadings at any time before or at the trial but the objection would have to apply to every part of the defense. If the plaintiff wished to challenge the sufficiency of one or more defenses but not all he had to do so by demurrer within twenty days after the service of the complaint.

This practice has not been changed by the new Practice Act except in form. Under the same circumstances that a plaintiff or a defendant had to demur he must now make a motion for judgment. By this he presents the same questions as to the sufficiency of the complaint or of a part of the causes of action or of the answer or of a part of the defenses as was done by the demurrer. The only difference is that the time of the plaintiff to make such a motion is ten days after service of the answer where he had twenty days for a demurrer under the Code. Where the plaintiff or the defendant deems that he is entitled to judgment upon all the issues, that is, that the complaint fails to state any cause of action or the answer fails to raise a triable issue by denial or any defense, he may still test the sufficiency of the complaint or the answer by a motion for judgment upon the pleadings. The Code said that this might be made at any time after issue joined; the Rules of Practice are silent as to when the motion may be made but as a motion for judgment upon the pleadings before answering is provided for in the new practice it is quite obvious that the omission to specify when the general motion could be made was intended to indicate that it might be made at any time. The confusion in practice has arisen because in the Practice Act and the rules a final determination of the action upon all the issues

in favor of one party or the other and a determination of the insufficiency of part of the causes of action or part of the defenses are both referred to as a judgment upon the pleadings. The judgment upon the pleadings which is referred to in rule 112 is a complete final judgment on all the issues. It is only where a party is entitled to such a judgment upon the face of the pleadings that a motion can be made under rule 112 but that motion can be made at any time. When the motion is directed only to a determination as to the sufficiency of part of the causes of action or defenses, or the party wishes to raise a question of sufficiency in lieu of having to plead, the motion is made under other rules and has to be made within the times limited therein.

I overrule, therefore, the objection of the plaintiff to the entertainment of this motion. The complaint contains three alleged causes of action, all similar and alike except as to figures. I have examined the order that was given by the defendants and the purported acceptance thereof by the plaintiff which the complaint alleges constitute the contract between the parties. The acceptance was not in every respect responsive to the order but attached different terms thereto. As this did not constitute an acceptance it was incumbent upon the plaintiff to produce proof that its counter offer had been accepted by the defendants. There is no attempt in the complaint to set forth anything of the kind.

I am persuaded that the objection of the defendants to the sufficiency of the complaint is well taken. The plaintiff, however, may have further facts to show a contract between the parties that it has omitted to plead in the belief that they were unnecessary.

The motion for judgment upon the pleadings of the defendants is granted, with ten dollars costs, upon condition, however, that the plaintiff may serve an amended complaint within twenty days after notice of entry of the order on payment of said ten dollars costs and the costs of this action to date.

Ordered accordingly.